1
2
3
4
5
6
7
8                         **UNITED STATES DISTRICT COURT**
9                    **CENTRAL DISTRICT OF CALIFORNIA**
10                          **WESTERN DIVISION**

| | |
|---|---|
| T & R CHEMICALS, INC., | Case No. 2:23-cv-03539 PD |
|        Plaintiff, | |
|    vs. | **STIPULATED PROTECTIVE ORDER** |
| CARAGUM INTERNATIONAL, | |
|        Defendant. | |
| CARAGUM INTERNATIONAL, | |
|        Counterclaimant, | |
|    vs. | |
| T & R CHEMICALS, INC., | |
|        Counterdefendant. | |

1   1.   A. PURPOSES AND LIMITATIONS

2   This is an action between direct competitors, each alleging the other has engaged

3   in wrongful conduct amounting to unfair competition. Discovery in this action is likely

4   to involve production of confidential, proprietary, or private information for which

5   special protection from public disclosure and from use for any purpose other than

6   prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate

7   to and petition the Court to enter the following Stipulated Protective Order. The parties

8   acknowledge that this Order does not confer blanket protections on all disclosures or

9   responses to discovery and that the protection it affords from public disclosure and use

10   extends only to the limited information or items that are entitled to confidential

11   treatment under the applicable legal principles.

12

13   B. GOOD CAUSE STATEMENT

14   This action is a true competitor case. Both Plaintiff and Counterdefendant T&R

15   Chemicals, Inc. ("T&R") and Defendant and Counterclaimant CARAGUM

16   International ("CARAGUM") sell glycerol ester of wood rosin ("GEWR") for food and

17   beverage applications in the United States and, in doing so, compete for the same

18   customers and sales. In this lawsuit, T&R brings Lanham Act, unfair competition and

19   false advertising claims against CARAGUM, alleging that the product that CARAGUM

20   sells as GEWR is mislabeled glycerol ester of gum rosin ("GEGR"), a chemically

21   equivalent but cheaper alternative that is approved for food and beverage applications

22   in the United States, but not the European Union. CARAGUM denies T&R's claims

23   and brings counterclaims for trade libel, libel, and tortious interference based on T&R's

24   issuance of a press release containing statements that CARAGUM contends are false

25   and harmful about CARAGUM's products and business practices. T&R denies

26   CARAGUM's claims.

27

28

1       The parties expect that discovery in this case will include trade secrets, customer

2   and pricing lists and other valuable research, development, commercial, financial,

3   technical and/or proprietary information for which special protection from public

4   disclosure and from use for any purpose other than prosecution of this action is

5   warranted. Such confidential and proprietary materials and information will consist of,

6   among other things, sales figures, expenses, pricing, customer lists, marketing plans,

7   future commercial plans, or other confidential research, development, or commercial

8   information (including information implicating privacy rights of third parties, such as

9   the parties' suppliers, manufacturers, and customers), information otherwise generally

10  unavailable to the public, or which may be privileged or otherwise protected from

11  disclosure under state or federal statutes, court rules, case decisions, or common law.

12  Further, given the nature of the parties' claims, there is likely to be substantial third-

13  party discovery, including into non-public and commercially sensitive information

14  belonging to the parties' suppliers, manufacturers, and customers. This includes, for

15  example, trade secret information regarding the sourcing of raw materials and

16  manufacturing process for production of CARAGUM's products labeled and sold as

17  "GEWR". The parties believe that they (and the affected third parties) may be harmed

18  if this information was publicly disclosed.

19      Further, for the most sensitive information, the parties do not want each other to

20  access such information, as it could give the receiving party a competitive advantage

21  and cause the disclosing party competitive harm. Each party alleges that the other seeks

22  to gain an unfair and unlawful advantage over the other in the U.S. market for GEWR.

23  Given these allegations, and the fact that the parties are direct competitors, a two-tiered

24  protective order is proper and necessary here to narrow the universe of persons with

25  whom highly sensitive information can be shared.

26      Accordingly, to expedite the flow of information, to facilitate the prompt

27  resolution of disputes over confidentiality of discovery materials, to adequately protect

28

3

information the parties and third parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential or attorneys' eyes only for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## C. ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL

The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential or attorneys'-eyes-only information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. See Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1176 (9th Cir. 2006), Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002), Makar-Welbon v. Sony Electronics, Inc., 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY does not—without the submission

of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. See Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

2.    DEFINITIONS

2.1    Action: this pending federal law suit.

2.2    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.  Any party or third party covered by this Order that produces or discloses

1  any Confidential Material shall mark it with the following or a substantially similar
2  legend: "CONFIDENTIAL."

3      2.4   <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u>
4  <u>Information or Items</u>: information (regardless of how it is generated, stored or
5  maintained) or tangible things that qualify for protection under Federal Rule of Civil
6  Procedure 26(c), and as specified above in the Good Cause Statement, that the
7  Designating Party reasonably believes is among that which is considered to be
8  extremely sensitive by that party, the disclosure of which is highly likely to cause
9  significant harm to an individual or to the business or competitive position of the
10  Designating Party. Any Party to this litigation or Non-Party covered by this Order that
11  produces or discloses any such Attorneys' Eyes Only Material shall mark the same
12  with the following, or a substantially similar, legend: "HIGHLY CONFIDENTIAL –
13  ATTORNEYS' EYES ONLY."

14      2.5   <u>Counsel</u>: Outside Counsel and House Counsel (as well as their support
15  staff).

16      2.6   <u>Designating Party</u>: a Party or Non-Party that designates information or
17  items that it produces in disclosures or in responses to discovery as
18  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
19  ONLY."

20      2.7   <u>Disclosure or Discovery Material</u>: all items or information, regardless of
21  the medium or manner in which it is generated, stored, or maintained (including,
22  among other things, testimony, transcripts, and tangible things), that are produced or
23  generated in disclosures or responses to discovery in this matter.

24      2.8   <u>Expert</u>: a non-party-affiliated person with specialized knowledge or
25  experience in a matter pertinent to the litigation who has been retained by a Party or
26  its counsel to serve as an expert witness or as a consultant in this Action.

27
28

2.9     House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel.

2.10     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11     Outside Counsel: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action or are affiliated with a law firm which has been retained to represent or advise a party to this Action, and includes support staff.

2.12     Party: any party to this Action, including all of its officers, directors, and employees.

2.13     Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14     Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15     Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16     Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.     SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected

7

Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4.   DURATION

FINAL DISPOSITION of the action is defined as the conclusion of any appellate proceedings, or, if no appeal is taken, when the time for filing of an appeal has run. Except as set forth below, the terms of this protective order apply through FINAL DISPOSITION of the action.  The parties may stipulate that they will be contractually bound by the terms of this agreement beyond FINAL DISPOSITION, but will have to file a separate action for enforcement of the agreement once all proceedings in this case are complete.

Once a case proceeds to trial, information that was designated as CONFIDENTIAL OR HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or maintained pursuant to this protective order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial.  See Kamakana, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record).  Accordingly, for such materials, the terms of this protective order do not extend beyond the commencement of the trial.

5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection

8

under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend") or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (hereinafter "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY legend"), to each page that contains protected material. To facilitate the expedient production of documents, a Producing Party may designate the entirety of a document that contains protected material with the corresponding legend. If the Receiving Party

wishes to use such documents (such as at deposition or as an exhibit to a filing), the Parties shall meet and confer within a reasonable time in advance of such filing or deposition in an attempt to eliminate or minimize the need for filing under seal by means of redaction, or to otherwise narrow the designations to the extent possible.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order and what level of protection. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY legend" to each page that contains Protected Material.

(b)     for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony. Alternatively, the Designating Party may designate the entirety of the testimony at the deposition as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (before the deposition is concluded) and shall have until twenty-one (21) days after receipt of the deposition transcript within which to inform all parties the specific portions of the transcript that are to be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," which period may be extended by agreement of the parties.  Failure to make a specific designation during this period will be construed as the withdrawing of the general confidentiality designation.  During the 21-day period,

the entire deposition will be treated pursuant to the general designation, unless otherwise agreed to by the party or third party making the general designation.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    <u>CHALLENGING DESIGNATIONS</u>

6.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation at any time that is consistent with the Court's Scheduling Order.

6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3    <u>Burden</u>. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, information or items designated "CONFIDENTIAL" may be disclosed only to:

(a) the Receiving Party's Outside Counsel in this Action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

12

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(j) any Party to this Action.

7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to the people listed above in paragraphs 7.2(a), (c)-(g), and (i), as well as any witness who is shown or examined about any Protected Material, if it appears that the witness originated, authored or received a copy of it, was involved in the specific subject matter described therein, or is employed or was formerly employed by the party who produced the Protected Material, or if the producing party consents to such disclosure.

13

8.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN</u>
<u>OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.      A      NON-PARTY'S PROTECTED MATERIAL PRODUCED IN THIS LITIGATION

(a)  The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential or attorneys'-eyes-only information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential or attorneys'-eyes-only information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential or attorneys'-eyes-only information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by

15

the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). In addition, if a Receiving Party identifies produced documents or information that appears on its face to contain inadvertently produced privileged information or attorney work product, the Receiving Party shall immediately notify the producing Party of the potentially privileged or work product material, and sequester the materials until the producing Party confirms whether the material is privileged or work product. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

12.   <u>MISCELLANEOUS</u>

 12.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

 12.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order. A party shall not be obligated to challenge the propriety of a designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto at any time during this litigation.  If counsel for a party receiving documents or information in discovery in this case objects to the designation of any of them as Protected Material, the following procedures shall apply:

 (a) Counsel for the objecting party shall serve on the Designating Party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and state the grounds for objection.  Counsel for the Designating Party or third party shall either: (i) respond in writing to the objection within fourteen (14) days (or such later date as may be agreed to by counsel), and state with particularity the grounds for asserting that the document or information is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Or (ii) make themselves available to meet-and-confer with objecting party. In the event the parties cannot reach agreement through their meet-and-confer, the objecting party may challenge the designations through the procedures set forth in Local Rule 37-1, or any alternate discovery resolution procedures put in place by the Court. Pending a resolution of the objecting party's objections, any and all existing designations on the Documents, Testimony, or Information at issue in such shall remain in place. The Designating Party shall have

17

the burden of establishing the applicability of its "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation.

12.3    <u>Filing Protected Material</u>. Documents containing Protected Material shall not be filed with the Court except as necessary. Any such filings will be made in good faith and not solely for an improper purpose such as harming, harassing, or embarrassing another party. To the extent documents containing Protected Material are filed with the court, the filing party shall seek to file those documents under seal. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

12.4    <u>Using Protected Material at Hearing</u>. If the need arises during a hearing to disclose publicly Confidential Material or Attorneys' Eyes Only Material, the party seeking to make such disclosure shall attempt to provide the other party prior notice, if feasible, to discuss how best to handle the disclosure.

13.    <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by

category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  January 17, 2024          PILLSBURY WINTHROP SHAW
                                  PITTMAN LLP


                                  _/s/Mark D. Litvack_____
                             By:  MARK D. LITVACK
                                  JEFFREY D. WEXLER
                                  PAULEEN TRUONG

                                  Attorneys for Defendant and
                                  Counterclaimant CARAGUM
                                  INTERNATIONAL

Dated:  January 17, 2024          STEPTOE & JOHNSON LLP


                                  _/s/Melanie A. Averh_____
                             By:  SETH GOLDBERG
                                  ANTHONY HOPP (*pro hac vice*)
                                  MELANIE A. AYERH

                                  Attorneys for Plaintiff and
                                  Counterdefendant T&R
                                  CHEMICALS, INC.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated:  January 17, 2024

                                  _____
                             By:  Patricia Donahue
                                  United States Magistrate Judge

20

## EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *T & R Chemicals, Inc. v. CARAGUM International*, Case No. 2:23-cv-03539 PD. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

21